NOT FOR PUBLICATION

FILED

AUG 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENEDICTO MIGUEL HERNANDEZ-TORREZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   15-70440 <br><br> Agency No. A072-990-055 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 24, 2020[**]

Before:  SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Benedicto Miguel Hernandez-Torrez, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss the petition for review in part and deny it in part.

To the extent that Hernandez-Torrez's proposed particular social group differs in his petition from the definition of that group he presented to the BIA, we lack jurisdiction to review his claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). As to the remainder of his claim, the BIA did not err in finding that he did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in

---

[1] Hernandez-Torrez does not contest the agency's conclusion that his asylum application was time barred.

question'") (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)).

Substantial evidence supports the BIA's conclusion that Hernandez-Torrez otherwise failed to establish that he would be persecuted on account of a protected ground. He did not present any evidence that his cousin's assaults were motivated by the petitioner's membership in any group or on account of any protected status. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Hernandez-Torrez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Hernandez-Torrez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**